HART & BLISSETT, Plaintiffs in Error, *v.* TERRITORY OF OREGON, Defendant in Error.

*Error from Clatsop.*

When it appears from the record that an irregularity in the court below could not prejudice plaintiffs in error, the judgment will not be reversed on that account.

AT the August term, A. D. 1854, of the court below, the plaintiffs in error were indicted and found guilty of keeping open a house on Sunday for the sale of spirituous liquors. Hart and Blissett then moved for a new trial, on the ground of irregularity in drawing the trial jury. The motion for a new trial was overruled, and a bill of exceptions signed. The bill of exceptions shows that " the clerk, in calling a jury into the box, read the names of the jurors from a list, and did not draw them by ballot from a box. All the regular jurors in attendance were called, and the jury not being then full, others were called in of the bystanders to complete the jury." It is admitted that the calling of the jury was irregular in this case.

*M. Chinn,* for plaintiffs.

*A. Campbell,* for defendant.

DEADY, J. The Code provides that " the clerk shall prepare separate folded ballots containing the names of the petit

or trial juries, and deposit them in a box. He shall draw from the box twelve names, and the persons drawn shall form a jury, unless some are rejected by challenge, disqualification, or otherwise."

The court incline strongly to the opinion that a party, to take advantage of the irregularity, should object at the time of the departure from the mode prescribed by the law, or otherwise he shall be deemed to have consented to it. But it is not necessary to the determination of this case, to pass upon that question. If an irregularity has been committed in the course of the trial, and it also affirmatively appears that no prejudice resulted to the prisoners from the irregularity, the judgment will not be reversed. In this case it appears from the bill of exceptions that the prisoners had all of the regular panel in attendance, and that it was necessary to summon talesmen from the bystanders to complete the jury. Manifestly, then, the manner of selecting the jury in this case made no difference with the result. The jury would have been the same, if they had been drawn from a box by folded ballots.

Judgment affirmed.